UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNY ROBINSON,

    Defendant.
_____/

Case No. 21-cv-11481
Hon. Matthew F. Leitman

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ALTERNATE SERVICE (ECF No. 5)**

In this action, Plaintiff United States of America seeks to reduce to judgment certain federal tax liabilities of Defendant Denny Robinson. (*See* Compl., ECF No. 1.)

On November 4, 2021, the United States filed a motion for alternate service. (*See* Mot., ECF No. 5.)  The United States says that it has attempted to serve Robinson with the Summons and the Complaint but that Robinson is actively evading service. (*See id.*)  It therefore asks the Court for permission to serve Robinson by (1) leaving the Summons and Complaint at the front door of Robinson's last-known residential address and (2) sending the Summons and Complaint to Robinson via both regular mail and Federal Express ("FedEx") pursuant to Rule

1

4(e)(1) of the Federal Rules of Civil Procedure. (*See id.*) For the reasons explained below, the motion is **GRANTED**.[1]

# I

## A

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." In turn, Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

Michigan Court Rule 2.105(J) further provides that substituted service may be appropriate under some circumstances:

---

[1] The Court further concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

**B**

The Court concludes that the United States' motion, supported by the affidavit of its process server and declaration of its counsel, satisfies the requirements for alternative service described above. First, the United States has sufficiently shown that service of Robinson "cannot reasonably be made" under the usual methods for

3

service of an individual under the Michigan Court Rules: personal service and service by registered or certified mail. Mich. Ct. Rule 2.105(J)(1). The United States attempted to personally serve Robinson, through multiple means of service, several times, all without success. For example, the United States:

- Sent a copy of the Complaint and two copies of a Notice of Lawsuit and Request to Waive Service of Summons form to Robinson's last known residential address via FedEx. (*See* Decl. of Counsel Angela Foster at ¶2, ECF No. 5-1, PageID.30.) "According to the FedEx tracking records, the request to waive service was delivered to defendant Robinson's address on August 4, 2021." *Id.* However, Robinson never responded to the request to waive service. (*See id.* at ¶3, PageID.31.)

- Sent a copy of Summons and Complaint via certified mail to Robinson's last known residential address. (*See id.* at ¶7, PageID.32.) "On October 8, 2021 and October 12, 2021, [the Postal Service] attempted to deliver the certified mail package. In both instances, a notice was left because an authorized recipient was not available." (*Id.*; internal citation omitted); and

- Hired a process server to attempt to serve Robinson personally with the Summons and Complaint. The process server unsuccessfully attempted

4

to personally serve Robinson six separate times. (*See* Affidavit of Process Server Gina Sharbowski at ¶3, ECF No. 5-2, PageID.40-41.) During one of these attempts, a man the police later identified as Robinson backed his car out of his driveway and crashed into the process server's vehicle before driving away. (*See id.*)

Second, as required under Michigan Court Rule 2.105(J)(2), the United States submitted a verified motion that is dated within 14 days of filing, and it was supported by the declaration of its counsel and the affidavit of its process server. (*See* Mot., ECF No. 5.) The motion and supporting documents provide evidence that the United States had not been able to successfully serve the Robinson despite diligent efforts. The motion also included the Robinson's last known address.

Finally, the ways in which the Court will require the United States to serve the Robinson are "reasonably calculated to give [him] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(J)(1). Indeed, Robinson should already have knowledge of this action based on (1) the previous mailings to him that the United States has made in this case and (2) communications that the United States and/or its process server has had with Robinson's certified public accountant and attorney about this case. (*See* Foster Decl. at ¶¶ 2, 5, ECF No. 5-1, PageID.30-31; Sharbowski Aff. at ¶3, ECF No. 5-2, PageID.40.)

5

Accordingly, for all the reasons stated above, the United States' motion for alternative service (ECF No. 5) is **GRANTED** as follows: the United States shall serve Robinson by the following methods:

- Leaving a copy of (1) the Summons, (2) the Complaint, and (3) this order at the front door of Robinson's home address; and

- Mailing a copy of (1) the Summons, (2) the Complaint, and (3) this order, via both FedEx and regular United States mail, to Robinson's home address.

The United States shall also file a Certificate of Service with the Court after it serves Robinson as directed in this order.

Finally, in order to allow the United States to effectuate alternative service as described above, the United States shall have until **November 23, 2021**, to serve Robinson pursuant to this order.

**IT IS SO ORDERED.**

Dated: November 5, 2021

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 5, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764